UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
N.R., N.R. ON BEHALF OF T.R.,

                                        Plaintiff,

            -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,
a/k/a, THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,
and JOEL KLEIN, in his official capacity as Chancellor of
the New York City School District,

                                        Defendants.

-----------------------------------------------------------------------x

**ANSWER**

07 CV 9648 (BSJ) (DCF)

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that the plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents and legal import, and to the transcript of the impartial hearing for a complete and accurate statement of its contents.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to set forth a basis for jurisdiction.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to set forth a basis for venue.

4. Deny the allegations set forth in paragraph "4" of the complaint, and respectfully refer the Court to the statutes cited for a complete and accurate statement of their content and legal import.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the complaint, except admit that T.R. has previously been classified as autistic on his Individualized Education Program ("IEP").

8. Deny the allegations set forth in paragraph "8" of the complaint, and respectfully refers the Court to Article 52-A of the N.Y. Educ. Law regarding the powers and duties of the DOE. .

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Klein is the chancellor of the New York City School District, and respectfully refer the court to N.Y. Education Law § 2590-h for a complete and accurate statement of defendant Klein's powers and duties.

10. Deny the allegations set forth in paragraph "10" of the complaint, except deny knowledge or information sufficient to form a belief as to when N.R. enrolled T.R. in the Great Commission Christian School, and admit that T.R. entered P.S. 38 in the fall of 2004.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that N.R. provided the DOE with a letter dated July 14, 2005, signed by Dr. Elizabeth

Wolff, and respectfully refer the Court to such letter and to T.R.'s IEP dated October 17, 2005 for a complete and accurate account of their contents.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except deny the statement provided in footnote 1, and respectfully refer this Court to the statutes and cases cited therein, for a complete and accurate account of their contents and legal import.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, and respectfully refer the Court to the letter cited therein for a complete and accurate statement of its contents.

19. Deny the allegations set forth in paragraph "19" of the complaint, and respectfully refer this Court to the evaluation referred to therein for a complete and accurate account of its contents.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that the DOE received an evaluation signed by Jordana Skurka Psy.D., and that by notice dated June 2, 2006 the CSE scheduled a meeting for June 12, 2006.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, , and respectfully refer this Court to the letter referred to therein for a complete and accurate account of its contents.

25. Deny the allegations set forth in paragraph "25" of the complaint, and respectfully refer this court to T.R.'s proposed IEP dated July 6, 2006 for a complete and accurate account of its contents.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that by letter dated August 24, 2006, plaintiff requested an impartial hearing .

28. Deny the allegations set forth in paragraph "28" of the complaint,

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, and respectfully refer the Court to the regulations cited in footnote 2 for a complete and accurate statement of their contents and legal import.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that N.R. attended at a CSE meeting on September 15, 2006.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint and respectfully refer this court to the impartial hearing transcript for an account of the statements contained therein.

35. Deny the allegations set forth in paragraph "35" of the complaint and respectfully refers this Court to the Hearing Officer's Amended Findings of Fact and Decision dated March 12, 2007 for a complete and accurate statement of its contents.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that N.R. appealed the impartial hearing officer's ruling to the New York Office of State Review.

37. Deny the allegations set forth in paragraph "37" of the complaint, and respectfully refers the Court to the State Review Officer's decision, No. 07-038, dated July 2, 2007 for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph "38" of the complaint, and respectfully refers the Court to the State Review Officer's decision, No. 07-038, dated July 2, 2007 for a complete and accurate statement of its contents.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-38" inclusive of its answer, as if fully set forth herein..

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

### FOR A FIRST DEFENSE:

43  The Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

44. The school in which plaintiff unilaterally placed T.R., the Rebecca School, was not an appropriate placement for T.R.

### FOR A THIRD DEFENSE

45. The SRO correctly determined that equitable considerations do not support plaintiff's request for tuition reimbursement.

### FOR A FOURTH DEFENSE:

46. Defendants did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FOR A FIFTH DEFENSE:

47. At all times relevant to the acts alleged in the Complaint, the conduct of Defendant was lawful, constitutional, without malice, and in good faith.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         December 17, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendant
                                100 Church Street, Room 2-173
                                New York, New York 10007
                                (212) 788-8710
                                msuarez@law.nyc.gov

                                By: _____
                                    Michael Suarez (MS 5038)
                                    Assistant Corporation Counsel

TO:   Caroline J. Heller
      Greenberg Traurig, LLP
      Attorneys for Plaintiff
      The MetLife Building
      200 Park Avenue
      New York, New York 10016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N.R., on behalf of T.R.,

Plaintiff

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, a/k/a, THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, and JOEL KLEIN, in his official capacity as Chancellor of the New York City School District,

Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-173*
*New York, New York 10007*
*Of Counsel: Michael Suarez*
*Tel.: (212) 788-8710*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 200 . . .*

*............................................................. Esq.*

*Attorney for.................................................*