UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| N.R., N.R. on behalf of T. R.,<br><br>    Plaintiff,<br>   v.<br><br>THE DEPARTMENT OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, a/k/a,<br>THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, and JOEL KLEIN, in his official capacity as Chancellor of the New York City School District,<br><br>    Defendants. | No. 1:07 Civ. 9648<br><br>(BSJ/DCF) |

### PLAINTIFF'S LOCAL CIVIL RULE 56.1
### STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Rule 56.1 of the Local Civil Rules of the District Court of the Southern District of New York, and in support of Plaintiff N.R.'s Motion for Summary Judgment, N.R. submits this Statement of Material Facts as to which it submits there are no genuine issues to be tried.

1.   T.R. is a seven (7) year old whom the Defendants, the Department of Education, et al. (the "Department")[1] classified as autistic. (Compl. ¶ 7; Ans. ¶ 7).

2.   When the Committee on Special Education ("CSE") convened in October of 2005 to formulate an IEP for T.R, it had a letter from Dr. Elizabeth Wolf dated July 14, 2005 memorializing that T.R. was in the high functioning range of children with Pervasive Developmental Disorder, Not Otherwise Specified. (Compl. ¶ 11; Ans. ¶ 11).

---

[1]   The Department of Education of the City School District of the City of New York, a/k/a, the Board of Education of the City School District of the City of New York, and Joel Klein, in his official capacity as Chancellor of the New York City School District.

3. In its October 17, 2005 IEP, the CSE classified T.R. with a speech and language impairment and recommended a special class in a community school with related services. (Compl. ¶ 11; Ans. ¶ 11).

4. The Department received an evaluation of T.R. by Jordana Skurka, Psy. D. that diagnosed T.R. as autistic. (Compl. ¶ 22; Ans. ¶ 22; Exh. "BB").[2]

5. By notice dated June 2, 2006, the CSE scheduled a meeting for June 12, 2006. (Compl. ¶ 22; Ans. ¶ 22).

6. N.R. provided a letter to the CSE dated June 19, 2006 from Dr. Alexi Kartachov, T.R.'s psychiatrist, agreeing with Dr. Skurka's diagnosis that T.R. is autistic. (Compl. ¶ 24; Ans. ¶ 24; Exhs. "Y", "Z").

7. On or about August 24, 2006 N.R. provided notice to the Department's CSE that she was unilaterally placing T.R. in the Rebecca School and would be seeking tuition reimbursement, and also filed an impartial hearing request seeking payment for tuition, transportation and reimbursement for tuition costs already expended. (Compl. ¶ 27; Ans. ¶ 27; Exh. "D").

8. N.R. attended the CSE meeting on September 15, 2006. (Compl. ¶ 32; Ans. ¶ 32).

9. At the impartial hearing on November 9, November 28, December 6, 2006 and January 12, 2007, the Department conceded their failure to provide a free and appropriate education. (Exh. "B", p. 7).

---

[2] The Exhibits referred to herein are attached to the Declaration of Caroline J. Heller dated March 17, 2008, filed under seal pursuant to an Order by the Court dated March 17, 2008.

10. In a decision dated March 12, 2007, the Impartial Hearing Officer ("IHO") found that although the Department conceded their failure to provide FAPE, the Rebecca School was not an appropriate placement for T.R. (Exh. "B", p. 11).

11. N.R. appealed the decision of the IHO to the State Review Officer of the New York State Education Department ("SRO"), and the SRO, in a decision dated July 2, 2007, annulled Impartial Hearing Officer's decision to the extent it found that N.R. failed to establish the appropriateness of the Rebecca School, but sustained the dismissal of N.R.'s claim, concluding that equitable considerations did not support tuition reimbursement. (Exh. "A").

12. N.R. appeals from the decision of the SRO, with regard to the determination that N.R. is not entitled to tuition reimbursement, dated July 2, 2007, (*generally* Complaint dated October 30, 2007)

Dated: March 17, 2008
   New York, New York

Respectfully submitted,

_____
Caroline J. Heller (CH-8814)
*Greenberg Traurig, LLP*
The MetLife Building
200 Park Ave.
New York, New York
(212) 801-9200

-and-

Matthew Lenaghan (ML-8603)
Kim Madden (KM-3570)
*Advocates for Children*
151 W. 30th Street, 5th Floor
New York, NY 10001
(212) 947-9779