07-CV-9648
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N.R., N.R. ON BEHALF OF T.R.,

                                                    Plaintiffs,

                         -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,
a/k/a THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK
and JOEL KLEIN, in his official capacity as Chancellor
of the New York City School District,

                                                    Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, Room 2-173*
*New York, N.Y. 10007*

Of Counsel: Michael A. Suarez
Tel: (212) 788-8710
Law Department No. 2007-036538

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 4

STANDARD OF REVIEW ..................................................................................... 4

ARGUMENT ........................................................................................................ 5


        THE SRO CORRECTLY DETERMINED THAT
        EQUITABLE CONSIDERATIONS DO NOT SUPPORT AN
        AWARD OF TUITION REIMBURSEMENT FOR
        PLAINTIFF'S UNILATERAL PLACEMENT OF THE
        STUDENT AT THE REBECCA SCHOOL FOR THE 2006-
        2007 SCHOOL YEAR................................................................................6

                A. The SRO's Determinations in Finding that the
                Equities Do Not Support Plaintiffs' Claim for Tuition
                Reimbursement Should be Given Deference......................................7

                B. Plaintiff Failed to Inform the DOE that She Was
                Dissatisfied With the Proposed IEP, and that She Had
                Secured a Placement for the Student at a Private
                School. ................................................................................................7

                C. Plaintiff Failed to Cooperate with the DOE by not
                appearing for Evaluations..............................................................12

CONCLUSION .................................................................................................. 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

N.R., N.R. ON BEHALF OF T.R.,

                                         Plaintiffs,

                 -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,
a/k/a THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK
and JOEL KLEIN, in his official capacity as Chancellor
of the New York City School District,

                                   Defendants.

------------------------------------------------------------------ x

07-CV-9648
(BSJ) (DCF)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff, the parent of a student with a disability, brings this action pursuant to 20 U.S.C. § 1415 seeking reversal of the decision of the State Review Officer of the New York State Education Department ("SRO") that denied plaintiffs' request for tuition reimbursement for the unilateral private school placement of the student, T.R. ("Student"), for the 2006-2007 school year at the Rebecca School, a private special education school that has not been approved by the New York State Commissioner's list of approved schools. In that decision, the SRO upheld the decision of the Impartial Hearing Officer ("IHO"), insofar as it denied plaintiff's request for tuition reimbursement for the 2006-2007 school year.

The Student is a 7 year-old boy who is classified by the New York City Department of Education ("DOE") Committee on Special Education ("CSE") as autistic. The

Student's classification as a student with autism is not in dispute.  See  Ex. A SRO Decision, dated July 2, 2007 ("SRO Dec.") at 1—2; Defendants' Local Civil Rule 56.1 Statement of Material Facts Not in Dispute ("Defs' Rule 56.1") ¶ 2.  Pursuant to the Individuals with Disabilities Act ("IDEA") and its implementing regulations, the CSE met on June 12 and July 6, 2006.  See Ex. A SRO Dec. at 4, 5.  On July 6, 2006, the CSE developed an Individualized Education Program ("IEP") for the Student.  See Ex. D IEP dated July 6, 2006 ("IEP.")  At no time during such meetings did plaintiff notify the DOE that she had already applied to the Rebecca School, that she had already executed an enrollment agreement, or that she had made a deposit to secure her son's placement at the private school.  See Ex. A. SRO Dec at 15.  In fact, it was not until August 25, 2006, when plaintiff filed a due process complaint notice, that the DOE was notified that plaintiff was in any way dissatisfied with the IEP, that she was enrolling the Student in private school, and that she was seeking payment for tuition at the Rebecca School. See Ex. A SRO Dec. at 6.

The IHO denied tuition reimbursement, finding that although the DOE conceded that it did not offer the Student an appropriate placement for the 2006-2007 school year, plaintiff failed to establish that the Rebecca School was an appropriate placement for the Student.[1]  On appeal, the SRO sustained the IHO's decision to the extent that he denied plaintiff's request for tuition reimbursement on the grounds that plaintiff failed to notify the DOE that she was dissatisfied with the Student's IEP or that she had unilaterally enrolled the Student in private school, and

---

[1] Having made this determination, the IHO specifically declined to address the issue of whether plaintiff's claim for tuition reimbursement was supported by equitable considerations.

failed to bring the Student to the CSE's scheduled evaluation of the Student.[2] See Ex. A SRO

Dec. at 15, 16.

Plaintiff now appeals the decision of the SRO alleging that the defendants failed

to provide the Student a FAPE for the 2006-2007 school year, that the Rebecca School was

appropriate, and that the SRO committed an error of law in finding that the equities do not

support tuition reimbursement by improperly relying on plaintiff's investigation of the Rebecca

School.[3]

Defendants respectfully submit this memorandum of law in support of its motion

for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the

grounds that plaintiff is not entitled to tuition reimbursement for the 2006-2007 school year

because the equities do no support plaintiffs' claim for reimbursement as the record is clear that

plaintiff never notified that DOE that she was dissatisfied with the IEP.  Moreover, it is clear that

plaintiff never intended on accepting or even exploring options for placement at a DOE school.

Finally, plaintiff failed to cooperate with the DOE in formulating an IEP for the student, which

precludes an award of tuition reimbursement.  Accordingly, the Complaint should be dismissed,

and the SRO's decision to deny plaintiffs' tuition reimbursement for the regular 2006-2007

school year should be upheld.

---

[2] The SRO disagreed with the IHO's finding that plaintiff failed to establish that the unilateral placement of the Student at the Rebecca School was appropriate.

[3] To the extent that plaintiffs continue to seek relief from this Court to enter a judgment finding that the DOE failed to provide the Student with a FAPE, and that plaintiff's unilateral placement of the Student at the Rebecca School was appropriate, such relief has already been granted by the SRO, and is thus moot.  Therefore, these issues are improperly raised on appeal.

## STATEMENT OF FACTS

Defendants respectfully refer the Court to Defendants Local Civil Rule 56.1 Statement of Material Facts Not In Dispute dated March 17, 2008, for a statement of the relevant undisputed material facts on which this motion is based.

## STANDARD OF REVIEW

Pursuant to section 1415(i)(2) of the IDEA, a party dissatisfied with an SRO's decision may appeal to a state court or federal district court. On appeal,

> the court: (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(B); see also Muller v. Comm. on Special Education, 145 F. 3d 95, 101 (2d Cir. 1998); M.B. v. Arlington Cent. Sch. Dist., 2002 U.S. Dist. LEXIS 4015, at *6 (S.D.N.Y. March 12, 2002).

An IDEA action differs from an ordinary summary judgment motion because the existence of a disputed issue of material fact will not defeat the motion. J.R. v. Bd. of Education of the City of Rye Sch. Dist., 345 F. Supp. 2d 386, 394 (S.D.N.Y. 2004) (citing Antonacchio v. Bd. of Education of Arlington Cent. Sch. Dist., 281 F. Supp. 2d 710, 714 (S.D.N.Y. 2003). Rather, "federal courts reviewing administrative determinations under the IDEA must base their decisions on 'the preponderance of the evidence.'" Grim v. Rhinebeck Cent. Sch. Dist., 346 F. 3d 377, 380 (2d Cir. 2003) (citing 20 U.S.C. § 1415(i)(2)(B)). The Supreme Court and the Second Circuit have interpreted the IDEA as strictly limiting judicial review of state administrative decisions. Collins v. Bd. of Education of the Red Hook Cent. Sch. Dist., 164 Fed.

4

Appx. 19, 20 (2d Cir. 2006) (citing <u>Walczak v. Florida Union Free Sch. Dist.</u>, 142 F. 3d 119, 129 (2d Cir. 1998); <u>Bd. of Education v. Rowley</u>, 485 U.S. 176, 206 (1982)).  "'While federal courts do not simply rubber stamp administrative decisions, they are expected to give due weight to these proceedings, mindful that the judiciary generally lack[s] the specialized knowledge an experience necessary to resolve persistent and difficult questions of educational policy.'" <u>Sherman v. Mamaroneck Union Free Sch. Dist.</u>, 340 F. 3d 87, 93 (2d Cir. 2003) (quoting <u>Walczak</u>, 142 F. 3d at 129 (internal quotation marks and citations omitted)).

## ARGUMENT

The IDEA requires that New York State provide a "free appropriate public education" to all children with disabilities. <u>See</u> 20 U.S.C. §1412(2)(B); <u>see also</u> <u>Walczak</u>, 142 F. 3d at 122.  When a participating state such as New York fails to provide a student with FAPE, that student's parent or guardian may unilaterally place the student in a private school and seek retroactive tuition reimbursement if the school chosen unilaterally by the parent is appropriate. <u>See</u> <u>Sch. Comm. of Burlington v. Dep't of Education</u>, 471 U.S. 359, 369-70 (1985); <u>Florence County Sch. Dist. Four v. Carter</u>, 510 U.S. 7 (1993).  However, the IDEA states that the local educational agencies are not required

> to pay for the education, including special education and related services of a child with a disability at a private school or facility if that agency made a [FAPE] available to the child and the parents elected to place the child in such private school or facility.

20 U.S.C. §1412(a)(10)(C)(i).

A parent who unilaterally places his or her child in a private school does so at their own financial risk, but may be entitled to tuition reimbursement in certain circumstances

where (1) the educational program recommended by the board of education was inadequate or inappropriate; (2) the program selected by the parent was appropriate; and (3) equitable considerations support the parent's claim. <u>Burlington</u>, <u>471 U.S. 359.</u>, 471 U.S. 359, and <u>Carter</u>, 510 U.S. 7. This three-pronged analysis is referred to as the "<u>Burlington/Carter</u>" test.

Here, prongs 1 and 2 are not at issue. <u>See</u> Def's Rule 56.1 ¶¶ 14, 17. Rather, what is at issue is the whether the SRO properly denied plaintiff's demand for tuition reimbursement on the grounds that equitable considerations did not support such relief. As explained more fully below, tuition reimbursement is not appropriate here for several reasons. First, it is clear from the record that plaintiff failed to notify the DOE that she was not satisfied with the proposed IEP. Second, the SRO properly determined that plaintiff had already enrolled the student at a private school long before the CSE meeting and failed to communicate this fact to the DOE. Finally, the equities do not support an awarded of reimbursement for private school tuition because plaintiff failed to cooperate with the DOE during the IEP process.

**THE SRO CORRECTLY DETERMINED THAT EQUITABLE CONSIDERATIONS DO NOT SUPPORT AN AWARD OF TUITION REIMBURSEMENT FOR PLAINTIFF'S UNILATERAL PLACEMENT OF THE STUDENT AT THE REBECCA SCHOOL FOR THE 2006-2007 SCHOOL YEAR.**

"It is well established that 'equitable considerations are relevant in fashioning relief' under the IDEA." <u>M. C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.</u>, 226 F.3d 60, 68 (2d Cir. 2000) (quoting <u>Burlington</u>, 471 U.S. at 374); <u>see also</u> <u>Carter</u>, 510 U.S. at 16 ("[c]ourts fashioning discretionary equitable relief under IDEA must consider all relevant factors, including the appropriate and reasonable level of reimbursement that should be required"). Here, for three

reasons, equitable considerations do not support reimbursing plaintiffs the cost of tuition at the Rebecca School for the 2006-2007 school year.

**A.    The SRO's Determinations in Finding that the Equities Do Not Support Plaintiffs' Claim for Tuition Reimbursement Should Be Given Deference.**

The SRO carefully reviewed the record from the impartial hearing and determined that equitable considerations did not support tuition reimbursement for the 2006-2007 school year. See Ex. A SRO Dec. at 16. The determination of the SRO should be given deference in this case where after thorough fact-finding and review, he found that the equities did not support tuition reimbursement. See Collins v. Bd. Of Education of the Red Hook Cent. Sch. Dist., 164 Fed. Appx. 19, 20 (2d Cir. 2006) (upholding "both the IHO's and the SRO's decision [because they] showed 'thorough and careful' review); see also Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1314, n. 5 (11th Cir. 2003) ("administrative fact findings are considered to be prima facie correct, and if a reviewing court fails to adhere to them, it is obliged to explain why") (internal quotation marks and citations omitted).

**B.    Plaintiff Failed to Inform the DOE that She Was Dissatisfied With the Proposed IEP, and that She Had Secured a Placement for the Student at a Private School.**

One of the fundamental purposes of the IDEA is to have parents and public schools work together to develop an appropriate educational program for students with disabilities. See generally, 20 U.S.C.S. § 1412 et seq.; Burlington, 471 U.S. at 369. To this end, the IDEA requires that parents act reasonably in dealing with public school boards of education, and provides for a denial of tuition reimbursement upon a finding of unreasonableness with respect to actions taken by the parent. 20 U.S.C.S. § 1412(a)(10)(C)(iii)(I)(3)(III). Parents are expected to communicate any dissatisfaction with a proposed placement at the most recent IEP meeting prior to the removal of the child. 20 U.S.C.S. § 1412(a)(10)(C)(iii)(I)(aa); Burlington, 471 U.S. 359 ("As a practical reality, and as a matter of procedural law . . . the right of review

contains a corresponding parental duty to unequivocally place in issue the appropriateness of an IEP.")  When parents fail to raise the appropriateness of the IEP in a timely manner, the IDEA permits denial of tuition reimbursement.  Courts have long held that tuition reimbursement is barred when parents fail to notify the school board of their dissatisfaction with the IEP.  M.C., 226 F.3d 60, 66.  Under the IDEA, tuition reimbursement for a private placement may be denied if the parents fails to inform the school district that they plan to reject the placement proposed by the public agency to provide a FAPE to their child, including stating their concerns and their intent to enroll their child in a private school at public expense.  20 U.S.C.S. § 1412(a)(10)(C)(iii)(I)(aa)—(bb); Frank G. v. Bd of Educ. of Hyde Park, Cent. Sch. Dist, 459 F.3d 356 (2d Cir. 2005).  The purpose of the limitation on reimbursement provision of the IDEA is to give the school system an opportunity, before the child is removed, to assemble a team, evaluate the child, devise an appropriate plan, and determine whether a free appropriate public education can be provided in the public schools.  Carmel Cent. Sch. Dist. v. V.P., 373 F. Supp. 2d 402 (S.D.N.Y. 2005).

In light of these obligations, even when a parent who has unilaterally placed their child in a private school satisfies her burden on the first two prongs of the Burlington/Carter test, the district court enjoys broad discretion in considering equitable factors relevant to fashioning relief. See Carter, 510 U.S. 7, 16. Such considerations "include the parties' compliance or noncompliance with state and federal regulations pending review, the reasonableness of the parties' positions, and like matters." Town of Burlington v. Dep't of Educ., 736 F.2d 773, 801-02 (1st Cir. 1984), Parents bear the burden of demonstrating that the equities favor awarding them tuition reimbursement. Carmel, 373 F. Supp. 2d at 417.

Here, plaintiff failed to notify the DOE of her dissatisfaction with the IEP proposed at the July 6, 2006 CSE meeting. See Ex. A SRO Dec. at 15. Indeed, at the Impartial Hearing, plaintiff conceded that the DOE had no reason to know that she was dissatisfied with the recommended public school program. Id. Such failure deprived the DOE of an opportunity to respond to the plaintiff's complaints, and to attempt to create an IEP that was acceptable to the plaintiff. As the SRO correctly noted, if plaintiff had given the DOE notice of her efforts to enroll the student at the Rebecca School, and information regarding the programming or services at the school that plaintiff found to be appropriate for the Student, the DOE would have had the opportunity to "model the program or components thereof for [the student]." (Id.) Plaintiff did not afford the DOE this opportunity, but rather proceeded with the IEP process without ever disclosing her actual goal of having the Student attend private school at the DOE's expense. Courts have determined that in circumstances such as these, the equities do not favor tuition reimbursement. See Berger v. Medina City Sch. Dist., 348 F.3d 513, 524 (6th Cir. 2003) (affirming denial of tuition reimbursement in part because parent arranged to enroll child at private school before they requested a due process hearing or advised the school district that they objected to the district placement). Because plaintiff failed to timely place in issue the appropriateness of the IEP, "it is impossible to determine with any certainty whether [her] expenditures were indeed necessary, or whether a prompt complaint . . . might have obviated the need for those expenditures," Garland Indep. Sch. Dist. v. Wilks, 657 F. Supp. 1163, 1168 (N.D. Tex. 1987); Wilks, 657 F. Supp. at 1168.

The IDEA also places upon the parent the responsibility to notify public school educators before removing a child from public school, and then seeking tuition reimbursement for the unilateral placement of the student in a private school. 20 U.S.C.S. §

1412(a)(10)(C)(iii)(I)(aa)—(bb).  Here, it is clear is that plaintiff had no intention of accepting any proposed placements offered by the DOE.  Rather, the record is clear that plaintiff intended to enrolling the Student at the Rebecca School as early as May 2006, two months before the July 6, 2006 IEP meeting.  See Ex. A SRO Dec. at 4.  Plaintiff completed an application to enroll the Student at the Rebecca School on April 19, 2006.  See Ex. A SRO Dec. at 2.  Plaintiffs visited the Rebecca School for an interview on May 12, 2006.  See Ex. A SRO Dec. at 4.  On that day, the Rebecca School videotaped a functional emotional assessment of the Student.  (Id.)  The Rebecca School accepted the Student by letter dated May 18, 2006.  See Id; Ex. E Acceptance Letter.  Plaintiff executed an enrollment agreement on May 30, 2006 and made a tuition deposit for the 2006-2007 school year in the amount of $2,000 by check dated June 5, 2006.  See Ex. A SRO Dec. at 4; Ex. F Photocopy of check dated June 5, 2006.  On August 11, 2006, plaintiff and the Rebecca School revised their enrollment agreement, stating that "Rebecca School understands that [plaintiff is] pursuing…funding through the Department of Education." See Ex. G Revised Enrollment Agreement.  The SRO properly found that plaintiff never notified the CSE that she applied to the Rebecca School, enrolled the Student at the school, or placed a deposit with the school.  See Ex. A SRO Dec. at 15.

        In a recent Southern District of New York case, Bettinger v. N.Y. City Bd. of Educ., 2007 U.S. Dist. LEXIS 86116, this court denied plaintiffs' request for tuition reimbursement in factual circumstances much like the instant case.  In Bettinger, plaintiff, the parent of a child with a disability, sought reimbursement pursuant to the IDEA for the cost of their son's private school tuition at their school of choice. The SRO found that the plaintiffs satisfied their burden with respect to the first two prongs of the Burlington test but denied full tuition reimbursement on the grounds that the equities did not favor the plaintiffs.  In granting

summary judgment to the defendants, Judge Crotty held that equitable considerations did not support an award of tuition reimbursement because plaintiffs made plans to send their son to a private school months in advance of the CSE meeting, submitted large, non-refundable deposits to secure their son's placement at the school, visited the school several times prior to her son's admission, brought their son to an interview at the school despite being actively enrolled in another program, and had no plans to entertain any options presented by the DOE. Judge Crotty dismissed plaintiffs' claim for tuition reimbursement, stating that "the IDEA does not allow parents to unilaterally select a school of preference for their child, enroll him, and then frustrate the City's placement system in order to gain tuition reimbursement for their school of choice from the courts." Id. at *33.

Like in Bettinger, the plaintiffs in this case seek reimbursement pursuant to the IDEA for the cost of their child's private school tuition at their school of choice. Like the plaintiffs in Bettinger, plaintiff here made plans to send the Student to a private school months in advance of the CSE meeting. Like the plaintiffs in Bettinger, plaintiffs here visited the private school they had selected on multiple occasions, interviewed at the school, and made their child available for an assessment despite the fact that he was actively enrolled in another program. See Ex. A SRO Dec., 2–4. Furthermore, just like in Bettinger, plaintiff in this case submitted a large non-refundable deposit to secure the Student's placement at the school, and clearly had no plans to entertain any options presented by the DOE. The plaintiff's actions in this case were even more egregious than those of the plaintiffs in Bettinger in that here, the plaintiffs informed the private school that they were seeking funding from the DOE, without even notifying the DOE. The plaintiff unilaterally enrolled the Student in the Rebecca School and then frustrated the DOE's attempts to provide a proper placement for the Student in violation of the IDEA.

The SRO found that plaintiff failed to notify the CSE that she was dissatisfied with the proposed placement and of her enrollment of the student in private school, and therefore correctly determined that under <u>Burlington</u>, <u>Carter</u>, and their progeny, equitable considerations did not favor plaintiff's demand for tuition reimbursement for the Rebecca School for the 2006-2007 school year. <u>See</u> Ex. A SRO Dec., 15—16. This Court should follow the reasoning of this Court's decision in <u>Bettinger,</u> and uphold the SRO's decision denying tuition reimbursement to the plaintiffs.

## C.    Plaintiff Failed to Cooperate With the DOE By Not Appearing for Evaluations.

The SRO correctly determined that the plaintiff's failure to bring the Student to the evaluation appointment that had been scheduled for the Student by the CSE further demonstrate that the equities do not favor reimbursement. <u>See</u> Ex. A SRO Dec. at 16. By letter dated April 18, 2006, the CSE notified plaintiff of a psychological assessment and educational evaluation of the student to be conducted on May 31, 2006. <u>See</u> Ex. A SRO Dec at 4; Ex. H Appointment Letter. Plaintiff failed to bring the Student to that evaluation, but instead provided a letter to the CSE indicating that she had received a private psycho-educational evaluation that would be available in approximately one week. <u>See</u> Ex. A SRO Dec. at 4. Plaintiff did not make this report available until May 25, 2006, one week after the Student was offered a plaintiff a placement at the Rebecca School.  (Id.)  Courts have barred tuition reimbursement where a parent refused to make the child available for evaluation by board of education psychologist. <u>P.S. v Brookfield Bd. of Educ</u>. 353 F Supp 2d 306. (2005, DC Conn.) Plaintiff's failure to make the Student available for the CSE's evaluation frustrated the DOE's efforts to provide an appropriate placement for the Student and is grounds for denial of tuition reimbursement. <u>Loren F. v. Atlanta Indep. Sch. Sys.</u>, 349 F. 3d 1309, 1314, at 1312 (11th Cir. 2003) ("[e]ven where FAPE is not provided, courts can nevertheless deny reimbursement if a parent's own actions

frustrated the school's efforts"); <u>Schoenfeld v. Parkway Sch. Dist.</u>, 138 F. 3d 379, 382 (8th Cir. 1998) (tuition reimbursement denied where court held that school district was prevented from provided adequate services under the IDEA because the student was unilaterally placed at a private school without consulting with the school district).

Moreover, plaintiff removed the student without providing the 10 business days' notice required under U.S.C. §1412(a)(10(C)(iii)(I)(bb); <u>Berger</u>, 348 F.3d at 524. As additional evidence of the DOE's continuing efforts to work with the plaintiff to provide an appropriate placement for the Student, on August 31, 2006, six days after receipt of plaintiff's impartial hearing request letter, the CSE requested to reschedule that day's CSE meeting in order to address plaintiff's concerns regarding placement of the Student. However, plaintiff refused this request, despite the fact that 10 business days had not expired since the DOE's receipt on August 25, 2006 of plaintiff's letter requesting an impartial hearing. <u>See</u> Ex. A SRO Dec. at 16.

## CONCLUSION

For the reasons set forth in this memorandum of law in support of defendants motion for summary judgment, defendants respectfully request that the Complaint be dismissed in its entirety, and that it be awarded such other and further relief the SRO deems just and proper.

Dated:      New York, New York
            March 17, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-173
                        New York, New York 10007
                        (212) 788-8710

            By:     _____
                        Michael A. Suarez (MS-5038)
                        Assistant Corporation Counsel