UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

N.R., N.R. ON BEHALF OF T.R.,

                                              Plaintiffs,      DEFENDANT'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS

                         V.

THE DEPARTMENT OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,
a/k/a THE BOARD OF EDUCATION OF THE CITY      07 CV 9648 (BSJ) (DCF)
SCHOOL DISTRICT OF THE CITY OF NEW YORK and
JOEL KLEIN, in his official capacity as Chancellor of the
New York City School District,

                                              Defendants.

------------------------------------------------------------------------ x

       Pursuant to Rule 56.1 of the Local Civil Rules of this Court, and in support of its motion for summary judgment, defendants respectfully submit this Statement of Material Facts as to which it submits that there are no genuine issue to be tried:

       1.       Plaintiff N.R., the mother of student T.R., brings this action seeking to appeal the administrative decision of the New York State Department of Education Office of State Review ("SRO") that found that equitable considerations did not support an award of tuition reimbursement for the unilateral placement of the child at the Rebecca School for the 2006-2007 school year.

A.  **Background**

2. The child is a seven year-old boy and is classified by the New York City Department of Education Committee on Special Education ("CSE") as autistic. See Ex. D IEP dated July 6, 2006, "(IEP). The child's classification as a student with autism is not in dispute. See Ex. A, SRO Decision, dated July 2, 2007 ("SRO Dec.") at 2.

3. At the time the impartial hearing commenced on November 9, 2006, the child was five years old and attending the Rebecca School. See Ex A SRO Dec. at 1; Ex. C Impartial Hearing Transcript ( "Tr.") p. 255. The Rebecca School has not been approved by the Commissioner of Education as a school with which districts may contract to instruct students with disabilities. See SRO Dec. at 1.

4. By notice dated April 18, 2006, the CSE advised plaintiff that an appointment had been scheduled for May 31, 2006 for a psychological assessment and an educational evaluation of the child. See Ex. H Appointment Letter dated April 18, 2006.

5. By letter dated April 21, 2006, plaintiff's advocate indicated that she had obtained a private psycho-education evaluation that would be available in approximately one week. See Ex. A SRO Dec. at 4.

6. On April 19, 2006, plaintiff completed an application to enroll her son at the Rebecca School. See Ex. A SRO Dec. 2; Tr. pp. 245, 246, 274-75.

7. By letter dated May 18, 2006, the child was accepted to the Rebecca School. See Ex. E Acceptance Letter dated May 18, 2006; Ex. C Tr. pp. 280-81.

8. By letter dated May 25, 2006, plaintiff's advocate sent a copy of the private psycho-education evaluation to the CSE. See Ex. A SRO Dec. at 4.

9. On May 30, 2006, plaintiff executed an enrollment agreement with the Rebecca School, and provided the school with a check dated June 5, 2006 in the amount of $2000. (Id.); Ex. F Photocopy of check dated June 5, 2006.

10. The CSE convened on July 6, 2006. Plaintiff attended the meeting in person, and her advocate participated by telephone. See SRO Dec. at 5. At this meeting, the CSE changed the child's classification from speech and language impairment to autism and made other recommendations. (Id.); Ex. D IEP, p. 2. Plaintiff did not communicate to the CSE that she had applied to the Rebecca School, that she had signed a contract with the school, or that a she had placed a deposit to secure her son's placement at the school. See Ex. A SRO Dec. at 15; Ex. C Tr. p. 292. She testified that the CSE had no way of knowing that she was dissatisfied with their recommendations. Id.

11. On August 11, 2006, plaintiff executed a revised enrollment agreement with the Rebecca School stating that "Rebecca School understands that [plaintiff mother is] pursuing…funding through the Department of Education." See Ex. G Revised Enrollment Agreement dated August 11, 2006.

**B.  Plaintiffs' Impartial Hearing Request**

12. By letter dated August 24, 2006, plaintiff requested an impartial hearing regarding the child's 2006-2007 IEP. See Ex. C Impartial Hearing Request. For the first time, plaintiff advised Defendants that she was enrolling her son a the Rebecca School and would be seeking tuition payment from the Defendants. See Ex. A SRO Dec. at 6. Plaintiff also sought the related services set forth in the July, 2006 IEP as well as transportation to and from the Rebecca School. (Id.)

C. **The Impartial Hearing Officer found that Plaintiff failed to establish the appropriateness of the child's placement at the Rebecca School for the 2006-2007 school year.**

13. An impartial hearing was commenced on November 9, 2006, continued on November 28, 2006, December 6, 2006, and concluded on January 12, 2007. See Ex. B Amended Findings of Fact and Decision of the Impartial Hearing Officer dated March 12, 2007. ("IHO Dec.") at 1.

14. The IHO noted that at the hearing that Defendants conceded that it had not offered the child a free appropriate public education, or FAPE. See Ex. B IHO Dec. at 7. By virtue of that concession, the IHO determined that the Defendants failed to offer the child an appropriate program for the 2006-2007 school year. (Id.)

15. By decision dated March 12, 2007, the IHO concluded that plaintiff failed to establish that the child's placement at the Rebecca School was appropriate, and dismissed her request for tuition payment at the school. See Ex. B IHO Dec. at 11. Having made such determination, the IHO did not consider whether equitable considerations favored plaintiff's claim. (Id.)

D. **The State Review Officer determined that equitable considerations did not support an award of tuition reimbursement for the parent's unilateral placement of the child at the Rebecca School for the 2006-2007 school year.**

16. Plaintiffs appealed to the SRO and sought reversal of the IHO's decision. See Ex. A SRO Dec. at 1.

17. By decision dated July 2, 2007, the SRO dismissed plaintiffs' appeal, finding that although plaintiff established that the Rebecca School was an appropriate placement for the child

for the 2006-2007 school year, equitable considerations did not support plaintiff's request for reimbursement of the child's tuition costs at the Rebecca School. See Ex. A SRO Dec. at 14, 16.

18.  After reviewing the record below, the SRO found that plaintiff never communicated to the CSE that she had applied to the Rebecca School, that she had executed an enrollment agreement, or that she had placed a deposit to secure her son's placement at the Rebecca School. See Ex. A SRO Dec. at 15. Moreover, the SRO found that at no time did plaintiff express any dissatisfaction with the recommendations made by the CSE at the July 6, 2006 IEP meeting which served as the basis for the IEP for the next school year. Id. The SRO also noted that plaintiff herself testified that the CSE had no reason to know of her dissatisfaction with the recommendations they made. Id.

19.  The SRO found that in the particular circumstances of this case, plaintiff should have timely informed the CSE of the programming or services offered at the Rebecca School, so that the CSE would have an opportunity to model a program incorporating some or all of those components for the child. Id.

20. The SRO determined that it was unreasonable for plaintiff not to inform the CSE of the child's acceptance at, and enrollment in, the Rebecca School at the July IEP meeting. Id. He also found that plaintiff's failure to provide the CSE with the functional emotional assessment conducted by the Rebecca School was unreasonable. Id. Finally, the SRO considered plaintiff's failure to bring the child to the Defendant's timely noticed evaluation appointment, and her refusal of Defendant's August 31, 2006 request to reschedule that day's CSE meeting in order to address plaintiff's concerns regarding placement of her child, in determining that equitable considerations did not favor an award of tuition reimbursement.

Dated:    New York, New York
          March 17, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        *Attorney for Defendant*
                        100 Church Street, Room 2-173
                        New York, New York 10007
                        (212) 788-8710

By: _____
      Michael A. Suarez
      Assistant Corporation Counsel