**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| N.R., N.R. on behalf of T. R., : | |
| : | |
| Plaintiff, : | |
| v. : | No. 1:07 Civ. 9648 |
| : | |
| THE DEPARTMENT OF EDUCATION OF THE : | (BSJ/DCF) |
| CITY SCHOOL DISTRICT OF THE CITY OF : | |
| NEW YORK, a/k/a, : | |
| THE BOARD OF EDUCATION OF THE CITY : | |
| SCHOOL DISTRICT OF THE CITY OF NEW : | |
| YORK, and JOEL KLEIN, in his official capacity as : | |
| Chancellor of the New York City School District, : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S LOCAL CIVIL RULE 56.1(b) COUNTERSTATEMENT**
**TO DEFENDANTS' STATEMENT OF MATERIAL UNDISPUTED FACTS**

Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Court of the Southern District of New York, Plaintiff N.R. (the "Mother"), the Mother of T.R. responds to Defendants' Statement of Material Undisputed Facts ("Defendants' Statement") as follows:

1.      The Mother disputes the legal conclusions alleged in Paragraph 1 of Defendants' Statement and refers to the administrative decision of the New York State Department of Education Office of State Review ("SRO"). (Mother's Exh. "A").[1] The Mother brings this action in the practical form of an appeal from administrative decision of the New York State Department of Education Office of State Review ("SRO"), which found that "equitable considerations do not support [the] request for payment of [T.R.'s] tuition costs" at the Rebecca School. (*Id.*, at 15-16).

---

[1] The exhibits referred to herein are attached to the Declaration of Caroline J. Heller dated April 11, 2008 ("Mother's Exh.")

2.     The Mother does not dispute the facts alleged in Paragraph 2 of the Defendants' Statement.

3.     The Mother disputes the facts alleged in the first sentence of Paragraph 3 of Defendants' Statement.  At the time the impartial hearing commenced on November 9, 2006, T.R. was six (6) years old and attending the Rebecca School.  (Mother's Exh. "C", Tr. at 225:6-8).

4.     The Mother disputes the facts alleged in Paragraph 4 of Defendants' Statement. T.R.'s Mother did not receive a notice dated April 18, 2006 that an appointment for a psychological appointment and an educational evaluation of T.R. had been scheduled for May 31, 2006. (*Id.*, Tr. at 282:11-21, 338:16-340:7).

5.     The Mother does not dispute the facts alleged in Paragraph 5 of Defendants' Statement.

a.     The Mother further states that by letter dated April 21, 2006, T.R.'s Mother, through her representative, requested that the Department's Committee on Special Education ("CSE") reopen T.R.'s case and recommend an appropriate placement for T.R. for the 2006-2007 school year.  (Mother's Exh. "CC").  The letter set forth that the Mother had obtained an evaluation, that it should be available in approximately one week, and that when she received it she would provide a copy. (*Id.*)  The Mother was not provided with a copy of the written evaluation until May 7, 2006.  (Mother's Exh. "C"., Tr. at 306:25-307:22).

6.     The Mother disputes the facts alleged in Paragraph 6 of Defendants' Statement. On April 19, 2006, T.R.'s Mother submitted an application for T.R. to the Rebecca School. (Mother's Exh. "C", Tr. at 73:1-5, 274:23-276:1, 277:7-9).

7.    The Mother does not dispute the facts alleged in Paragraph 7 of Defendants' Statement.

8.    The Mother does not dispute the facts alleged in Paragraph 8 of Defendants' Statement.

9.    The Mother disputes the facts alleged in Paragraph 9 of Defendants' Statement. On May 30, 2006, T.R.'s Mother executed a contract with the Rebecca School and provided the Rebecca School with a check dated June 5, 2006 for a $2,000 reduced deposit to secure a spot for T.R. (Mother's Exh. "C", Tr. at 152:10-153:20; 330:22-331:21).

10.    The Mother does not dispute the facts alleged in the first sentence of Paragraph 10 of Defendants' Statement.    The Mother disputes the facts alleged in the second sentence of Paragraph 10 of Defendants' Statement only to the extent that the phrase "made other recommendations" is conclusory.    The Mother disputes the facts alleged in the third sentence of Paragraph 10 of Defendants' Statement.    The Mother placed a deposit at the Rebecca School to secure a possible spot because she "needed to know that [T.R.] had a placement for September. And [N.R.] knew that talking to all the parents that [the Department] sometimes takes a long time to give [a child] a placement.    So [she] just needed to be reassured that [N.R.] had somewhere for T.R. to go." (*Id.*, Tr. at 250:5-13).    The Mother disputes the fourth sentence of Defendants' Statement.    The Department's CSE was given notice that she was dissatisfied with the July IEP in a letter dated August 24, 2006.    (Mother's Exh. "D")

11.    The Mother does not dispute the facts alleged in Paragraph 11 of Defendants' Statement.

a.  The Mother further states that the revised enrollment agreement provided that it could be cancelled on or before August 30, 2006, and reflected that T.R.'s Mother would seek tuition payment from the Department. (Mother's Exh. "J").

12.  The Mother does not dispute the facts alleged in Paragraph 12 of Defendants' Statement.

a.  The Mother further states that the letter dated August 24, 2006 N.R. provided 10-day notice to the Department's CSE that she was unilaterally placing T.R. in the Rebecca School and would be seeking tuition payment, and also filed an impartial hearing request seeking payment for tuition, transportation and reimbursement for tuition costs already expended. (Compl. ¶ 27; Ans. ¶ 27; Exh. "D").

13.  The Mother does not dispute the facts alleged in Paragraph 13 of Defendants' Statement.

14.  The Mother does not dispute the facts alleged in Paragraph 14 of Defendants' Statement.

15.  The Mother does not dispute the facts alleged in Paragraph 15 of Defendants' Statement.

16.  The Mother does not dispute the facts alleged in Paragraph 16 of Defendants' Statement.

17.  The Mother disputes the facts as alleged in Paragraph 17 of Defendants' Statement. The SRO annulled the IHO's decision and held that the Rebecca School "was an appropriate placement for [N.R.'s] son for the 2006-2007 school year...." (Mother's Exh. "A", at 14.) However, the SRO refused tuition payment, concluding that "equitable considerations do not support [the] request for payment of [T.R.'s] tuition costs". (*Id.* at 15-16.)

18. The Mother disputes the legal conclusions as alleged in Paragraph 18 of Defendants' Statement and refers to the SRO's Decision. (*Id.*)

19. The Mother disputes the legal conclusions as alleged in Paragraph 19 of Defendants' Statement and refers to the SRO's Decision. (*Id.*)

20. The Mother disputes the legal conclusions as alleged in Paragraph 20 of Defendants' Statement and refers to the SRO's Decision. (*Id.*)

21. N.R. appealed from the decision of the SRO, with regard to the determination that N.R. is not entitled to tuition payment, dated July 2, 2007, (*generally* Complaint dated October 30, 2007)

Dated: April 11, 2008
New York, New York

Respectfully submitted,

Caroline J. Heller (CH-8814)
*Greenberg Traurig, LLP*
The MetLife Building
200 Park Ave.
New York, New York
(212) 801-9200

-and-

Matthew Lenaghan (ML-8603)
Kim Madden (KM-3570)
*Advocates for Children*
151 W. 30th Street, 5th Floor
New York, NY 10001
(212) 947-9779